RICE, BARTON AND FALES MACHINE AND IRON CO. *vs.* CITY OF WORCESTER & another.

Worcester. Oct. 13, 1880. — April 5, 1881. COLT, MORTON & FIELD, JJ., absent.

A statute, which obliged several railroad corporations having their tracks in a city to unite in one station, and provided for the discontinuance of some of the existing tracks, and the extension by the city of a street therein, enacted that the city should maintain a suitable track upon the extension of the street, or partly upon the extension and partly upon the discontinued railroad location, . to be connected with the tracks of one or more of the railroads in the city, "for the accommodation of the business establishments on the line of said extension which were accommodated by the tracks of" a certain railroad when the act was passed. *Held,* that, after the city had in its discretion constructed a track for the purposes named, this court could not, on a petition for a writ of mandamus, exercise a supervisory power over the mode in which it was done, and determine whether a track in another place would better accommodate the petitioner.

PETITION for a writ of mandamus to order the city of Worcester, and the city council of said city, to construct and maintain railroad tracks, as required by the St. of 1877, *c.* 152,* connecting with one or more of the railroads of said city, for the benefit of the business establishments on the line of the extension of Foster Street, which were formerly accommodated by the tracks of the Boston and Albany Railroad at the time of the passage of the St. of 1871, *c.* 343. The answer averred that the statutes were unconstitutional, and alleged that the city had complied with their requirements.

---

* The St. of 1871, *c.* 343, obliged five railroad corporations having stations in Worcester to unite in one station, provided for the extension of some of their tracks and the discontinuance of others, directed the city to extend Foster Street to Summer Street, and, in § 22, provided as follows: "Said city shall maintain suitable railroad tracks upon said extension and street, to be connected with the tracks of one or more of said corporations, for the accommodation of the business establishments on the line thereof which are accommodated by existing railroad tracks." The St. of 1877, *c.* 152, which was passed to amend the preceding act, and which repealed so much of it as related to Foster Street, after directing, with more particularity, the extension of Foster Street to the Mechanic Street burial-ground, and to the intersection of the railroad viaduct with Mechanic Street, and thence to Summer Street, provided as follows: "Said city shall maintain a

576 APRIL, 1881.

The case was heard by *Ames*, J., and reserved for the consideration of the full court. The facts sufficiently appear in the opinion.

*H. B. Staples & F. P. Goulding*, for the plaintiff.

*G. F. Hoar & F. T. Blackmer*, for the defendants.

LORD, J. Assuming, without deciding or considering the question, that the St. of 1871, *c.* 343, § 22, and the St. of 1877, *c.* 152, are constitutional, and that any person who claims to be interested in the proceedings authorized by those acts may have personal rights which by proper process may be enforced, there are insuperable objections to the granting of this petition.

The statutes themselves are by no means of easy interpretation. It is very clear, however, that they do not mean to confer upon this court, by way of appeal or otherwise, a supervisory power over the mode in which the mayor and aldermen of the city of Worcester, or the city of Worcester, shall perform the duties respectively placed upon them thereby. The terms of the act require something to be done "for the accommodation of the business establishments on the line" of the extension of Foster Street, which were accommodated by the tracks of the Boston and Albany Railroad at the time of the passage of the act. It is settled by the report that, at the time of such accommodation, no person and no business establishment had any right in the accommodation afforded. It is also determined by the report that the plaintiff's business establishment and various other business establishments derived benefit from their

suitable track, either upon said extension or partly upon said extension and partly upon the discontinued railroad location between the west line of said burial-ground and said viaduct, to be connected with the tracks of one or more of the railroads in said city, for the accommodation of the business establishments on the line of said extension which were accommodated by the tracks of the Boston and Albany Railroad at the time of the passage of said act, [the St. of 1871, *c.* 343,] unless said mayor and aldermen shall, within three months after the date of their decree laying out said extension, vote not to construct said tracks; and if said mayor and aldermen shall so vote, then said city shall not be required to maintain said track, but shall pay to the owners of said establishments such sums as compensation for not furnishing said track, as the parties shall agree, or, in case of disagreement, as the county commissioners of the county of Worcester, after hearing the parties, shall determine."

proximity to the Boston and Albany Railroad; and the statute in question, after prescribing the extension of Foster Street in a precise manner, provides that "said city shall maintain a suitable track, either upon said extension or partly upon said extension and partly upon the discontinued railroad location between the west line of said burial-ground and said viaduct, to be connected with the tracks of one or more of the railroads in said city, for the accommodation of the business establishments on the line of said extension which were accommodated by the tracks of the Boston and Albany Railroad at the time of the passage of said act."

The particular kind of accommodation to be thus afforded is not defined by the act, nor does it appear that any particular person or any particular business establishment is to have any, and, if any, what right in such track, nor whether, if any right, it is a personal right, or a right incident to or severable from the business establishments. The requirement of the statute is, that the city of Worcester shall construct a railroad track, either wholly or in part, upon the extension of Foster Street, connecting it with the tracks of one or more of the railroads in said city, and this is all that is required. This has in fact been done. The petitioners allege that, in view of all the provisions of the act, it has not been done in accordance with the fair meaning of the act, and that, if it shall appear that in terms it conforms to the act, it does not accommodate these petitioners so well as a track laid in a different direction, and connecting with a different road. The respondents, on the other hand, allege, not only that the track is laid in precise accordance with the terms of the act, but that it is laid in the best and most convenient manner.

The report finds that there were "certain business establishments" accommodated by their proximity to the Boston and Albany Railroad; but what those establishments were, or how many there were, does not appear. It is not improbable that the different business establishments might, for their individual accommodation, require different modes of location of tracks, and the nature of their business might require the connection of some of them with one of the railroads in the city, and of others with another of the railroads; and the language of the

578 APRIL, 1881.

act that such track is to be "connected with the tracks of one or more of the railroads in said city" is strongly suggestive of the purpose of the Legislature to vest in the city authorities a discretionary and quasi judicial authority to determine how the track should be laid so as best to accommodate the various interests involved.

We have before us the owners of but a single business establishment. Whether any or all of the other business establishments are satisfied with the track as built by the city, does not appear, nor is it perhaps important. The city has acted. It has performed the duty imposed upon it according to its discretion. That discretion, in the performance of its duty, cannot be revised by this course of proceeding. It is apparent that, if this court should issue the writ of mandamus, it must go further and specify all the details of modes of construction, resulting in the mere revision of the mode of performance of the duty. That is not the province of this court, but of the tribunal specially qualified for such duty. *Petition dismissed.*